# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **MAXIMO R. GARCIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. EP-05-CA-0289-FM** |
| | § | |
| **BLUEBERRY SALES, L.P. A TEXAS** | § | |
| **LIMITED PARTNERSHIP, d/b/a** | § | |
| **BLUEBERRY CONFECTIONS, INC.** | § | |
| | | |
| **Defendant** | | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS THEREOF

Comes now the Defendant, Blueberry Sales, L.P., A Texas Limited Partnership, d/b/a Blueberry Confections, Inc. ("Defendant"), and pursuant to Fed. R. Civ. P. 12(b) and (f), files this Motion to Dismiss for failure to state a claim upon which relief can be granted; or, in the alternative, to strike certain portions thereof, for failure to state a claim and/or lack of subject matter jurisdiction, and in support thereof would respectfully show the Court as follows:

### I.

### INTRODUCTION

We recognize that, in testing the sufficiency of the Plaintiff's allegations under Rule 12(b)(6), the operative factual allegations as pled by the Plaintiff, must be accepted as true. Thus, for purposes of this motion only, we shall not contest those factual allegations. If the facts as alleged by Plaintiff fail to state a cognizable legal claim, however, then that theory of recovery should be dismissed. *See generally* C. Wright & A. Miller, 5A *Federal Practice & Procedure: Civil* § 1357 (2d ed. 1990).

1

Defendant presents this motion in four parts. First, Defendant asks the Court to Dismiss Plaintiff's cause of action for violation of the Texas Commission on Human Rights Act, Tex. Lab. Code ann. §21.001 *et seq*, (Section "E'), for lack of jurisdiction because Plaintiff has failed to exhaust administrative remedies. Second, Defendant asks the Court to dismiss Plaintiff's cause of action violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2615 (a) and (b) (Section "F") for failure to state a claim upon which relief can be granted, because Plaintiff was not an "eligible employee" for purposes of the FMLA. Third, Defendant asks the Court to dismiss Plaintiff's claim under 42 U.S.C. §1981 (Section "D"), for failure to state a claim upon which relief can be granted, because Plaintiff fails to plead the necessary factual elements to support this claim. Finally, and in the alternative, Defendant asks the Court to Dismiss Plaintiff's cause of action for violation of the Texas Commission on Human Rights Act, Tex. Lab. Code ann. §21.001 *et seq*, (Section "E'), for failure to state a claim upon which relief can be granted, because Plaintiff fails to plead the necessary factual elements to support this claim.[1]

## II.

## PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES ON HIS TEXAS COMMISSION ON HUMAN RIGHTS ACT CLAIM

The Texas Human Rights Act requires the exhaustion of state remedies as a jurisdictional prerequisite. *See Jones v. Grinnel Corporation*, 235 F. 3d 972, 974 (5th Cir. 2001), citing *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991) (holding that a complainant "must first exhaust the [Texas Human Rights Act's] administrative remedies prior to bringing a civil action"). If a complainant fails to exhaust his state administrative remedies, the Texas Human Rights Act

---

[1]     Defendant's arguments on Plaintiff's failure to state a claim under §1981 and the TCHRA are addressed together due to the similar pleading requirements for these matters.

jurisdictionally bars this court from hearing the case. *Jones, supra.* at 974, citing *Zevator v. Methodist Hosp. of Houston,* 1995 WL 500637, (D. Tex. 1995) ("TCHR's administrative and procedural requirements [are] jurisdictional and mandatory"); *Ridgway's, Inc. v. Payne,* 853 S.W.2d 659, 663 (Tex. App. Houston [14th Dist.]1993, no writ) ("Failure to exhaust administrative remedies...constitutes a jurisdictional bar to bringing suit under the Act"); see also *Georgen-Saad v. Texas Mut. Ins. Co.,* 195 F. Supp 853, 857 (D. Tex. 2002)(no jurisdiction existed for Plaintiff's TCHRA claim where no notice of right to sue issued).

The Plaintiff's Complaint plainly states:

"Less than 180 days after the hereinbefore alleged discriminatory act, Plaintiff
filed a discrimination complaint with the Texas Commission on Human Rights,
predecessor agency to the Texas Workforce Commission Civil Rights Division.
Neither the predecessor nor the successor agency has issued a notice of right to
sue..."

Plaintiff's Complaint, Paragraph 11.

Plaintiff has failed to exhaust his administrative remedies. Accordingly, his claims under the Texas Commission on Human Rights Act should be dismissed for lack of jurisdiction.

## II.

### PLAINTIFF WAS NOT AN "ELIGIBLE EMPLOYEE" UNDER THE FMLA

In order to bring a claim under the FMLA, an employee must qualify as an "eligible employee" under the statute. 29 U.S.C. § 2612, 2614. In order to qualify as an "eligible employee," an employee must have been employed "for at least 12 months by the employer with respect to whom leave is requested." 29 U.S.C. § 2611(2). An employee who has not worked for an employer for less than 12 months cannot qualify as an "eligible employee." *Dolese v. Office Depot,* 231 F.3d 202, 203 (5th Cir. 2000).

claims of discrimination because his complaint was "bankrupt of any fact supporting a claim that the disciplinary action was based on race or that it rose to the level of an ultimate employment action.").

Defendant's objections to the sufficiency of the Plaintiff's Complaint under both his Section 1981 claim and his TCHRA claim are threefold. First, from a  general standpoint, Plaintiff's Complaint lacks any factual support for either his Section 1981 claim or his TCHRA claim. Instead, Plaintiff relies on conclusory allegations masquerading as factual support. For example, rather than stating the basis for his purported belief that he has been subjected to discrimination in violation of these laws, Plaintiff merely alleges that Defendant "discriminated against Plaintiff in the making and enforcement of a contract because of his race" (Plaintiff's Complaint, Paragraph 7), and "a motivating factor for Defendant's termination of Plaintiff's employment was his race and national origin" (Plaintiff's Complaint, Paragraph 10). These conclusory allegations are utterly lacking in factual support, and thus do not state a claim as a matter of law. See *Jones*, 339 F.3d at 363; *Tuchman*, 14 F.3d at 1067; *Westin Galleria Hotel*, 2002 WL 1827641, at p. 2.

Second, assuming Plaintiff argues Paragraphs 4 and 5 of the his Complaint provides the factual support for his causes of action, it is devoid of any specific factual support for his Section 1981 claim that he was discharged. To establish a claim under §1981, a plaintiff must plead: (1) he is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute (i.e. make and enforce contracts, sue and be sued, give evidence, etc.). *See Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5 th Cir.1994). Under § 1981, the defendant's acts must be "purposefully discriminatory ... and racially motivated." *Albert v. Carovano*, 851 F.2d 561, 571 (2d Cir.1988). Plaintiff has not plead any factual allegations that support the second element--that Defendants intended to

discriminate against Plaintiff on the basis of his race.

Finally, and again assuming Plaintiff will argue Paragraphs 4 and 5 of his Complaint provides the necessary factual support, Plaintiff's Complaint is likewise devoid of any specific factual support for his TCHRA claim that he was discharged. To establish a TCHRA claim, Plaintiff must plead: (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, plead that other similarly situated employees were treated more favorably. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir.2004) (addressing 42 U.S.C. § 1981 claim) (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir.2001)). Plaintiff has not plead any factual allegations that support the fourth element--that he was replaced by someone outside the protected class, or that other similarly situated employees were treated more favorably.

Accordingly, Defendant requests the Court dismiss Plaintiff's claims arising under his Section 1981 and TCHRA claims for failure to plead a prima facie case of discrimination under these statutes.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff's Complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted; or, in the alternative, that the Court dismiss or strike those portions of the Complaint that fail in that respect. A proposed Order is submitted herewith.

Respectfully submitted,

**MOUNCE, GREEN, MYERS, SAFI & GALATZAN, P.C.**
A Professional Corporation
P.O. Box 1977
El Paso, Texas  79950
Telephone:  (915) 532-2000
Telecopier: (915) 541-154

By: _____
       Mark D. Dore
       State Bar No. 06000500

Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I, Mark D. Dore, certify on this the _23rd_ day of September, 2005, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested, to attorney for Plaintiff Michael T. Milligan, 303 Texas Avenue, Suite 808, El Paso, Texas 79901-1455.

_____
**Mark D. Dore**