IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MAXIMO R. GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. EP-05-CA-0289-FM |
| ) | |
| BLUEBERRY SALES, L.P., A TEXAS ) | |
| LIMITED PARTNERSHIP, d/b/a ) | |
| BLUEBERRY CONFECTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT
[Filed before any responsive pleading filed.[1]]
[Changes underlined.]

Plaintiff Maximo R. Garcia complains of Defendant Blueberry Sales, L.P., and for cause respectfully shows the Court the following, to wit:

### A. Parties

1.  Plaintiff is a male United States citizen of African and Dominican ancestry, with the distinctive physical and linguistic characteristics associated therewith. His outward appearance would cause most of his fellow citizens to describe him with terms such as "black" or "African American." In the 19th century and a majority of the 20th century, the common term for persons of his appearance was "Negroes." An accepted scientific term for persons of Plaintiff's general

---

[1] As of the date this Amended Complaint is filed, Defendant has filed only motions to dismiss and for a more definite statement. These are not responsive pleadings within the meaning of Rule 15, Fed. R. Civ. P. *Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir. 2001); *United Energy Owners Committee, Inc. v. United States Energy Management Systems, Inc.*, 837 F.2d 356, 358 (9th Cir. 1988).

physical appearance is "Negroid. Plaintiff currently resides in King City, California.

2. Defendant Blueberry Sales, L.P., is a Texas limited partnership, having its principal place of business at 7-B Zane Gray, El Paso, Texas. Defendant is an employer within the meaning of the Family and Medical and Leave Act (FMLA), 29 U.S.C. § 2611, in that it employs and has employed 50 or more employees for each working day during each of 20 or more calendar work weeks during the applicable time period, and is engaged in commerce or an industry or activity affecting commerce. At all relevant times, Defendant was the employer of Plaintiff within the meaning of FMLA and Chapter 21 of the Texas Labor Code. Plaintiff's employment by Defendant was a contract within the meaning of 42 U.S.C. § 1981. Service of process is unnecessary at this time.

### B. Jurisdiction

3. This Court has "federal question" jurisdiction over this lawsuit, because it arises under 29 U.S.C. § 2601 et seq. and 42 U.S.C. § 1981. This Court has "supplemental jurisdiction" over Plaintiff's state law claims under 28 U.S.C. § 1367.

### C. Facts

4. On or about December 31, 2002, Plaintiff and Defendant made and entered into a written contract of employment for one year, which is attached hereto and incorporated herein by reference for all purposes. Plaintiff fully performed thereunder throughout the entire year that the contract was pending. However,

Defendant, without legal justification or excuse, breached the contract by failing to pay to Plaintiff the full consideration promised thereunder. Plaintiff nevertheless continued working for Defendant under the same contract after expiration of the initial one-year term.

5. Between November 17, 2003, and February 4, 2004, Plaintiff requested and received permission to be absent from work pursuant to the Family and Medical Leave Act, 28 U.S.C. § 2611. <u>Defendant expressly assured Plaintiff he was eligible for FMLA absence, and Plaintiff relied thereon.</u> Plaintiff returned to work on February 5, 2004. The following day, Defendant demoted him and reduced his pay. On or about February 19, 2004, Defendant advised Plaintiff that his employment had been terminated and ordered him to leave the workplace.

6. The reasons given by Defendant for its aforesaid conduct toward Plaintiff were and are false, pretextual, and untrue.

### D. First Cause of Action: Race Discrimination in Making and Enforcement of Contract

7. Defendant discriminated against Plaintiff in the making and enforcement of a contract because of his race. <u>Plaintiff belongs to a distinct and protected minority group (Afro-Dominican), was qualified for the position he held, and was dismissed therefrom. Plaintiff alleges, upon information and belief, that his duties were divided between a non-Hispanic white U.S. citizen male and a Hispanic citizen of Mexico, following Plaintiff's termination. Plaintiff reserves the right to amend this allegation, following discovery.</u>

3

8. As a result of Defendant's aforesaid unlawful conduct, Plaintiff lost the income and benefits associated with his employment and experienced emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

9. Defendant acted willfully <u>and with reckless disregard of Plaintiff's rights as guaranteed by state and federal law,</u> in discriminating against Plaintiff and is therefore liable for punitive damages in an amount found by the trier of fact to be just.

### E. Second Cause of Action: Texas Commission on Human Rights Act

10. A motivating factor for Defendant's termination of Plaintiff's employment was his race and national origin. His discharge thus violated V.T.C.A. Labor Code § 21.051.

11. Less than 180 days after the hereinbefore alleged discriminatory act, Plaintiff filed a discrimination complaint with the Texas Commission on Human Rights, predecessor agency to the Texas Workforce Commission Civil Rights Division. Neither the predecessor nor the successor agency has issued a notice of right to sue, and this suit is filed less than two years after filing of the discrimination complaint. All jurisdictional prerequisites to the filing of the suit have occurred and been satisfied.

12. As a result of Defendant's aforesaid unlawful conduct, Plaintiff lost the income and benefits associated with his employment and experienced emotional

pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

13. Defendant acted willfully in discriminating against Plaintiff and is therefore liable for punitive damages in an amount found by the trier of fact to be just.

### F. Third Cause of Action: FMLA

14. A motivating factor in Defendant's demotion and termination of Plaintiff was to interfere with, restrain, deny Plaintiff's exercise, and attempts to exercise his rights under FMLA, and to discriminate and otherwise retaliate against him in violation of 29 U.S.C. § 2615(a) and (b).

15. Plaintiff is thus entitled to all of the wages, salary, employment benefits, and other compensation denied or lost to him by reason of Defendant's violations of the Act, and actual monetary losses sustained by him as a result of Defendant's violations up to a sum equal to 12 weeks of wages or salary, or greater where allowed by the Act.

16. [To the Court only] Plaintiff is also entitled to an amount equal to the back pay award as liquidated damages.

### G. Fourth Cause of Action: Breach of Contract

17. Plaintiff and Defendant had a valid and enforceable written contract for personal services in exchange for wages and benefits. Plaintiff fully performed thereunder, but Defendant breached the contract without legal justification or excuse by failing to pay Plaintiff the bargained and agreed amount owing.

18.  Plaintiff is entitled to a full accounting of the amounts owed and actually paid, to make a demand thereon, and if the just amount owing is not paid within 30 days, to a judgment therefore, plus attorney's fees.

## Conclusion

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays for the following:

1.  Under paragraphs D and E (above), back pay and lost benefits, compensatory damages, and punitive damages;

2.  Under paragraph F (above), back pay, lost benefits, actual monetary losses and liquidated damages;

3.  Under paragraph G (above), the benefit of his bargain with Defendant;

4.  Pre-judgment and post-judgment interest at the maximum legal rate;

5 .  His costs, including (without limitation) attorney fees, expert witness fees, and necessary expenses;

6.  All of his other allowable costs; and

7.  All other relief as to which he may show himself justly entitled.

**RESPECTFULLY SUBMITTED** this 6th day of October, 2005.

**MIKE MILLIGAN**
303 Texas Avenue, Suite 808
El Paso, Texas 79901
915-544-5587
Fax 915-544-2773
State Bar No. 14148200

GUEVARA, REBE, BAUMANN,
COLDWELL & REEDMAN, LLP
COLBERT N. COLDWELL
State Bar No. 04535000
4171 N. Mesa, Suite B-201
El Paso, Texas 79902
915-544-6646
Fax 915-544-8305


By: *[signature]*
MIKE MILLIGAN

Attorneys for Plaintiff

### JURY DEMAND

Plaintiff respectfully demands trial by jury herein.

*[signature]*
MIKE MILLIGAN

### CERTIFICATE OF SERVICE

I certify that, on the 6th day of October, 2005, I mailed a copy of the foregoing document to Mr. Mark D. Dore, Mounce Green et al., P. O. Box 1977, El Paso, Texas 79950-1977.

*[signature]*
MIKE MILLIGAN