IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MAXIMO R. GARCIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | EP-05-CA-0289-FM |
| BLUEBERRY SALES, L.P., A TEXAS | § | |
| LIMITED PARTNERSHIP d/b/a | § | |
| BLUEBERRY CONNECTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

Memorandum Opinion and Order

On this day, the Court considered Defendant's "Motion for More Definite Statement" [Rec. No. 3], Defendant's "Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Strike Portions Thereof" [Rec. No. 4], "Plaintiff's Response to Motion to Dismiss or Strike" [Rec. No. 5], "Plaintiff's Response to Motion for More Definite Statement" [Rec. No. 6], "Plaintiff's First Amended Original Complaint" [Rec. No. 7], Defendant's "Second Motion for More Definite Statement" [Rec. No. 8], "Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss or to Strike" [Rec. No. 9], "Defendant's Reply to Plaintiff's Response to Motion for More Definite Statement" [Rec. No. 10], Defendant's "Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, to Strike Portions Thereof" [Rec. No. 11], "Plaintiff's Response to Defendant's Second Motion for More Definite Statement" [Rec. No. 12], "Plaintiff's Response to Motion to Dismiss His Amended Complaint, etc." [Rec. No. 13] and "Defendant's Notice of Partial Withdrawal of Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative to Strike Portions Thereof" [Rec. No. 16] filed in the

above-captioned cause. After carefully considering the briefs, the case file, and the applicable law, the Court is of the opinion that Defendant's "Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Strike Portions Thereof" [Rec. Nos. 4, 11], "Motion for More Definite Statement" [Rec. No. 3] and "Second Motion for More Definite Statement" [Rec. No. 8] should be **DENIED** for the reasons that follow.

## I. Factual and Procedural Background

Plaintiff, Maximo R. Garcia ("Garcia"), brought this action alleging race discrimination in the making and enforcement of a contract pursuant to 42 U.S.C. § 1981 and the Texas Commission on Human Rights Act ("TCHRA"), violations of the Family and Medical Leave Act ("FMLA"), and breach of contract. Garcia, who is of African and Dominican descent, entered into a written employment contract with Defendant, Blueberry Sales, L.P. ("Blueberry"). Garcia began working at Blueberry in December of 2002. Garcia claims that he requested and received protected FMLA leave between November 17, 2003 and February 4, 2004 from his employer. Plaintiff returned to work on February 5, 2004 and was demoted with a reduction of pay the following day. Garcia's employment at Blueberry was terminated on February 19, 2004. Garcia claims he was terminated in violation of the FMLA and because of his race. Blueberry now seeks dismissal of Garcia's FMLA, § 1981, and TCHRA claims.

## II. Analysis

A. *Exhaustion of Administrative Remedies*

Defendant filed "Defendant's Notice of Partial Withdrawal of Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative to Strike Portions Thereof" [Rec. No. 16]. This motion withdrew Defendant's Motion to Dismiss Plaintiff's claim under the Texas Human

Rights Act, Tex. Lab. Code ann. § 21.001, *et seq.*, for failure to exhaust administrative remedies. Therefore, the Court is of that opinion that the portion of Defendant's "Motion[s] to Dismiss Plaintiff's Complaint, or in the Alternative, to Strike Portions Thereof" [Rec. Nos. 4, 11] relating to exhaustion of administrative remedies should be denied as moot.

### B. Standards of Review

#### 1. Rule 12(b)(6) Standard for Dismissal

FED. R. CIV. P. 12(b)(6) permits dismissal of all or part of a complaint "for failure to state a claim upon which relief can be granted." In considering a motion to dismiss for failure to state a claim, a court must accept as true the well pleaded factual allegations and any reasonable inferences to be drawn from them." *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Dismissal of a claim under Rule 12(b)(6) is not proper unless it is clear that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Finally, a claim may be dismissed "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ..." FED. R. CIV. P. 12(b).

#### 2. Summary Judgment Standard

Summary judgment is only proper where the non-movant cannot demonstrate a genuine issue of material fact. FED. R. CIV. P. 56. A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment

a Court should view all evidence and inferences to be drawn therefrom "in the light most favorable to the party opposing the motion." *United States v. Diebold*, 369 U.S. 654, 655 (1962). In addition, a court should accept as true all evidence submitted by the non-movant. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000). Courts should refrain from weighing evidence or making credibility determinations. *Id.* at 150-51.

*C. Failure to State 1981 and TCHRA Claims and Motion for More Definite Statement*

Plaintiff's suit alleges violations of the TCHRA and Section 1981. [Rec. No. 7]. Defendant asserts that the Court should "dismiss Plaintiff's claims arising under his Section 1981 and TCHRA claims for failure to plead a *prima facie* case of discrimination under these statutes." [Rec. No. 4, p.6]. Alternatively, Defendant has filed motions seeking more definite statements.

As Plaintiff has pointed out and as Defendant recognizes, Plaintiff need not plead a *prima facie* case of discrimination to overcome a 12(b)(6) motion to dismiss. *See* FED. R. CIV. P. 8.

> Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) prove notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e). Finally a complaint, which contains a "bare bones" allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice.

*Benal v. Freeport-McCorman, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999) (citations omitted). A claim is not inadequate because an element thereof is omitted, so long as the element can be fairly inferred from the pleading as a whole. *Walker v. South Central Bell Tele. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

4

Section 1981 states in pertinent part that "all persons ... shall have the same right ... to make and enforce contracts." 42 U.S.C. § 1981(a). The terminology "to make and enforce contracts" includes "the making, performance, modification, and termination of contracts ..." 42 U.S.C. § 1981(b). Moreover, Section 1981 only bars discrimination in contracted related acts if the discrimination in question is both intentional and based on race. *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997).

To establish a 1981 claim, the plaintiff must show that "(1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Id.* at 274. To determine whether intentional discrimination exists, the Fifth Circuit applies the burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444 at 448 n.2 (5th Cir. 1996) (finding that claims of racial discrimination brought under 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII). Moreover, "when used as parallel causes of action, Section 1981 and TCHRA require the same proof to establish liability." *Shackelford v. Deloitte & Touche, LLP.*, 190 F.3d 398, 404 n.2 (5th Cir. 1999).

Thus, in order to establish a *prima facie* case under Plaintiff's 1981 and TCHRA claims, Plaintiff must prove by a preponderance of the evidence that he is: 1) a member of a protected class; 2) he was qualified for the position; 3) he was subjected to an adverse employment action and; 4) was replaced by someone outside of the protected class. *Id.* at 404.

A fair reading of Plaintiff's first amended complaint reveals that Plaintiff believes that

5

Blueberry discriminated against him when it terminated him because of his race, African American. Furthermore, upon information and belief Plaintiff believes he was replaced by someone outside the protected class. Finally, a reasonable inference that Plaintiff was qualified for the position may be made from the fact that Plaintiff remained in his position for almost an entire year. At this stage, it appears that Plaintiff will be able to establish his *prima facie* case of discrimination. Thus, Defendant has not established that it is clear that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Therefore, the Court is of the opinion that Plaintiff's Rule 12(b)(6) Motion to Dismiss should be denied. Moreover, the Court finds that Plaintiff's complaint is not ambiguous and contains sufficient evidence to allow Blueberry to make a responsive pleading. Thus, the Court is of the opinion that Defendant's motions for more definite statements should be denied.

*D. Eligibility under the Family Medical Leave Act*

Attached to "Plaintiff's Response to Motion to Dismiss or Strike" [Rec. No. 5] is Plaintiff's affidavit, a letter from Dr. Padilla and a letter dated November 25, 2003 from Blueberry Confections, Inc. Because matters outside the pleading have been introduced, in the form of letters and affidavits, the Court construes Defendant's Motion to Dismiss relating to Plaintiff's FMLA claims as a Motion for Summary Judgment on Plaintiff's FMLA claims pursuant to Federal Rule 12(b). *See* FED. R. CIV. P. 12(b).

Defendant argues that Plaintiff's FMLA claim should be dismissed because Garcia is not an eligible employee. Only eligible employees are entitled to the protections of the FMLA. 29 U.S.C. § 2612. An eligible employee is "an employee who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1, 250 hours of service with such employer during the previous 12 month

period." 29 U.S.C. § 2611. *See Dolese v. Office Depot, Inc.*, 231 F.3d 202, 203 (5th Cir. 2000). The regulation elaborating on the eligibility requirement includes that the 1250 hours of service must take place "during the 12 month period immediately preceding the commencement of the leave." 29 C.F.R. § 825.110.

Taking the facts as true and in the light most favorable to Plaintiff, Garcia began his employment at Blueberry on December 12, 2002. On November 17, 2003, "four weeks short of his anniversary date, Mr. Garcia took unpaid leave following the birth of a child." [Rec. No.5]. Plaintiff admits he took what he thought to be FMLA leave "four weeks before Mr. Garcia actually met the definition of "eligible employee."" [Rec. No. 5]. Furthermore, Garcia has not supported nor does the plain reading of the statute or any other FMLA case support Garcia's theory that he can become eligible for FMLA leave after he has already commenced leave. Thus, it is undisputed that Garcia is not an eligible employee under the FMLA and was not entitled to the FMLA protections.

The inquiry does not end here, however. Garcia contends that Blueberry should be equitably estopped from arguing he is ineligible for FMLA leave. Blueberry, on the other hand, argues that equitable estoppel is not applicable based on *Dolese*. However, *Dolese* does not discuss equitable estoppel. *Dolese* holds that an employer's more generous definition of an eligible employee does not create an FMLA cause of action. *Dolese*, 231 F.3d 202 at 203. This Court does not disagree, but finds that *Dolese* does not squarely address the issue of whether the judicially created doctrine of equitable estoppel can apply to FMLA causes of action in the Fifth Circuit.

To invoke the doctrine of equitable estoppel, Plaintiff must prove that the party to be estopped:

(1) made a material misrepresentation or concealment;
(2) with actual or constructive knowledge of the true facts;
(3) with the intent that the misrepresentation or concealment be acted upon;

7

(4) by a party without knowledge or means of knowledge of the true facts;

(5) who detrimentally relies or acts on the misrepresentation or concealment.

*Matter of Christopher*, 28 F.3d 512, 520 (5th Cir. 1994).

As other District Courts have noted, "Although the Fifth Circuit has yet to invoke equitable estoppel in circumstances such as this, other courts have felt such instances are appropriate for the doctrine." *Morgan v. Neiman-Marcus Group, Inc./Neiman-Marcus Direct*, 2005 WL 3500314, *5 (N.D. Tex., 2005). For example, in *Dormeyer v. Comercia Bank-Illinois*, the Seventh Circuit suggested in dicta that "an employer who by his silence misled an employee concerning the employee's entitlement to family medical leave might, if the employee reasonably relied and was harmed as a result, be estopped to plead the defense of ineligibility to the employee's claim of entitlement to family leave." 223, F.3d 579, 582 (7th Cir. 2000). Moreover, the Eighth, Second and Eleventh Circuits have all found that where the facts support the doctrine of equitable estoppel, it can be raised as a defense to a claim of ineligibility in a FMLA claim. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 494 (8th Cir. 2002); *Kosakow v. New Rochelle Radiology Assocs.*, 274 F.3d 706, 722-527 (2nd Cir. 2001); *Brungart v. Bellsouth Telecommunications, Inc.*, 231 F.3d 791, 797 n.4 (11th Cir. 2000); *see also V. Allen v. Fort Wayne Foundry Corp.*, 2005 WL 2347266 (N.D. Ind. 2005) (applying the doctrine of equitable estoppel in FMLA case); *Nordquist v. City Finance Co.*, 173 F. Supp2d 537 (N.D. Miss. 2001) (applying the doctrine of equitable estoppel in an FMLA case and finding the underlying facts did not support estoppel). The Court agrees with these circuits' reasoning and finds that the doctrine of equitable estoppel may be applicable to the case at bar.

Thus, if Plaintiff should present *prima facie* evidence of the elements necessary for equitable estoppel[1], it would be a question of fact as to whether Defendant would be estopped

---

[1] It should be noted that this Court has not considered 29 C.F.R. 825.110(d) in its analysis below. Although the Fifth Circuit has not addressed this issue, other circuits have found this provision to be an unconstitutional extension of the Department of Labor's authority under the FMLA. *See Evanoff v. Minneapolic Public Sch., Special Sch. Dist. No. 1*, 11 Fed. Appx. 670, 671

8

from contesting Plaintiff's FMLA eligibility. As the facts surrounding Plaintiff's termination have not been fully developed, there is a question of material fact as to whether Plaintiff can establish the elements of equitable estoppel. Therefore, the Court is of the opinion that Defendant's Motion to Dismiss Plaintiff's FMLA claim should be denied.

**IT IS THEREFORE ORDERED** that Defendant's "Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Strike Portions Thereof" [Rec. Nos. 4, 11] are **DENIED** as **MOOT** in relation to Defendant's administrative arguments, are **DENIED** with **LEAVE TO RE-FILE** in relation to Defendant's FMLA arguments and are **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Defendant's "Motion for More Definite Statement" [Rec. No. 3] and Defendant's "Second Motion for More Definite Statement" [Rec. No. 8] are **DENIED**.

SIGNED this 23rd day of February, 2006.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

(8th Cir. 2001); *Brungart v. Bellsouth Telecommunications, Inc.*, 231 F.3d 791, 796-97 (11th Cir. 2000); *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000). This Court agrees with these circuits' reasoning.